OWEN, WICKERSHAM & ERICKSON, P.C.
LAWRENCE G. TOWNSEND CBN 88184
EMILY K. POOLE CBN 301857
455 Market Street, Suite 1910
San Francisco, California 94105
Telephone: 415.882.3200
Facsimile: 415.882.3232
Email: ltownsend@owe.com
Email: epoole@owe.com

*Attorneys for Plaintiff*
Tecnologias Avanzadas RD, SRL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECNOLOGIAS AVANZADAS RD, SRL, a Dominical Republic Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DELSY ALVAREZ VASQUEZ RIEGLER, an individual; and DOES 1 through 50,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES: (1) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. § 501(a)]**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff TECNOLOGIAS AVANZADAS RD, SRL (hereinafter "Plaintiff"), to hereby file its Complaint against DELSY ALVAREZ VASQUEZ RIEGLER, an individual, and DOES 1-50, inclusive (collectively, "Defendants"), as follows:

**PARTIES**

1. Plaintiff is now, and was at the time of the filing of this Complaint, and at all intervening times, a corporate entity known as a Dominica Republic Sociedad de Responsibiliad Limitada (a form of a limited liability company) duly organized and existing under the laws of Dominican Republic, with its principal place of business at Calle 7, Edificio 5, Urb. Thomen, Santiago, Dominican Republic.

2. Plaintiff is informed and believes that DELSY ALVAREZ VASQUEZ RIEGLER ("Defendant Riegler") is and was at the time of filing this Complaint and at all intervening times, an individual residing in Wien, Austria.

3. The true names, capacities, and identities of the Defendants sued as Does 1 through 50, inclusive, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.

4. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, were the agents, partners, servants, employees, and co-conspirators of each of the other Defendants, and, in doing the things hereinafter alleged, were acting within the course and scope of their authority as such agents, partners, servants, employees, and co-conspirators with the permission and consent of each of the other remaining Defendants.

5. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants was the alter ego of each of the other Defendants, in that they have disregarded the separateness between their corporate and individual identities, among other things, by undercapitalizing a business entity, by using the entity's assets as their own, or by commingling the entity's funds and assets with their personal funds and assets, and that adherence to the corporate fiction would result in an injustice to Cross-Complainant in this matter.

## JURISDICTION AND VENUE

6. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b), in that the case arises out of claims for copyright infringement under 17 U.S.C. § 501(a).

7. Venue is proper, inter alia, pursuant to 28 U.S.C. § 1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and has caused damages to Plaintiff in this district. Specifically, given that YouTube is located in San Bruno, CA, and the copyright infringement takes place principally in the YouTube video service, jurisdiction is therefore proper.

8. As set forth below, Defendants filed a counter-notice under 17 U.S.C. § 512, indicating consent to jurisdiction in this jurisdiction where the service provider, YouTube, is

1  found. Furthermore, this Court has personal jurisdiction over Defendants since Defendants have
2  committed acts of infringement and unfair competition in this district and/or Defendants have
3  sufficient minimum contacts with this district to such that the exercise of jurisdiction over
4  Defendants by this Court does not offend traditional notions of fair play and substantial justice.
5  Among other things, Defendants have uploaded videos on YouTube and knowing or having
6  reason to know that consumers throughout the United States, including within this jurisdictional
7  district, would have access to said infringing materials through YouTube, and unlawfully
8  profited through YouTube's advertising system.

9. Personal Jurisdiction exists over Defendants because on information and belief, Defendants have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, especially when Defendants consented to personal jurisdiction in California by filing a counter-takedown notice through YouTube.

## INTRADISTRICT ASSIGNMENT

10. Intradistrict assignment to the San Francisco Division is appropriate under Civil Local Rule 3-2(c) because this is an Intellectual Property Action.

## GENERAL ALLEGATIONS

11. Plaintiff is a producer of Spanish-language television programming in the Latin-American market and the sole producer of Spanish-language web reproductions of said television programming.

12. Plaintiff produced the videos "Crazy Design Anuncia cuando se casa con Sandra Berrocal!" and "Desde el Primer Dia Cheddy Pone 'Clara' a la Nueva Presentadora de Más Roberto" (collectively, the "infringed Works").

13. Plaintiff owns all copyright rights for the reproduction, performance, and distribution of the Infringed Works on the Internet and on YouTube by way of an exclusive license from the owners of all other copyright rights in and for the content in the Infringed Works.

14. Plaintiff owns the exclusive rights to all web and YouTube reproduction, display, performance, and distribution rights for the Infringed Works.

15. The Infringed Works are foreign works authored in the Dominican Republic and, therefore, under the Berne Convention need not be registered in the United States prior to commencement of an action for infringement.

16. On or before early November 2016 Defendants commenced to infringe and continued infringing by copying, performing, displaying and/or distributing the Infringed Works on YouTube.

17. Plaintiff, which owns the Copyright to the Infringed Works for all web and YouTube reproduction, performance, and distribution rights, has never granted permission to Defendants to use, copy, perform, or distribute the Infringed Works on the web and/or on YouTube.

18. Thereafter Plaintiff, by and through Ysaac Villa, who was authorized to do so for Plaintiff, served copyright takedown notices on YouTube against Defendants for both of the Infringed Works.

19. On or about November 10, 2016, Defendants served a DMCA counter-notice.

20. In the counter-notice, sent by Youtube to Plaintiff on November 10, 2016, Defendant Riegler asserted that he owned the content in the Infringed Works.

21. In the counter-notice, Defendants consented to jurisdiction in the district in which YouTube is located. Upon information and belief, YouTube has its principal place of business in Santa Clara County, California, which is located in the Northern District of California.

**COPYRIGHT INFRINGEMENT**
**(Against DELSY ALVAREZ VASQUEZ RIEGLER and DOES 1-50 inclusive)**
**[17 U.S.C. §501(a)]**

22. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 21, inclusive.

23. Through their conduct alleged herein, Defendants have infringed Plaintiff's copyright in the Infringed Works in violation of Sections 106 and 501 of the Copyright Act, including by publicly distributing, copying, displaying, and performing the Infringed Works on YouTube.

COMPLAINT FOR DAMAGES, etc.; DEMAND FOR JURY TRIAL    Case No. _____    4

24. Each infringement by Defendants of Plaintiff's copyrighted works constitutes a separate and distinct act of infringement.

25. As a direct and proximate cause of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

26. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

27. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Infringed Works. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

B. For a preliminary and permanent injunction prohibiting Defendant, his agents, servants, employees, and all persons acting under Defendants' permission and authority, from continuing to infringe, in any manner, Plaintiff's copyright in the Infringed Works;

C. For damages in such amount as may be found, or as otherwise permitted by law;

D. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires; accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to his infringement of Plaintiff's copyright in the Infringed Works;

  E. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

  F. For damages in an amount to be proven at trial for unjust enrichment;

  G. For Plaintiff's costs in this action;

  H. For all costs of suit; and

  I. For such other and further relief as the Court may deem just and equitable.

OWEN, WICKERSHAM & ERICKSON, P.C.

Date: November 18, 2016

By: _____
Lawrence G. Townsend
Emily K. Poole
Attorneys for Plaintiff
Tecnologias Avanzadas RD, SRL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues in the above-captioned action which are triable to a jury.

OWEN, WICKERSHAM & ERICKSON, P.C.

Date: November 18, 2016

By: _____
Lawrence G. Townsend
Emily K. Poole
Attorneys for Plaintiff
Tecnologias Avanzadas RD, SRL

S:\1Clients\TECNO\70002\Complaint-Draft.doc