UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECNOLOGIAS AVANZADAS RD, SRL,<br><br>Plaintiff,<br><br>v.<br><br>DELSEY ALVAREZ VASQUEZ RIEGLER,<br><br>Defendant. | Case No. 16-cv-06701-EDL<br><br>**REPORT AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT; ORDER REASSIGNING CASE** |

Before the Court is Plaintiff Tecnologias Avanzadas's ("Plaintiff") motion for default judgment against Defendant Delsy Alvarez Vasquez Riegler ("Defendant"). Defendant has neither appeared nor opposed the motion, nor has he consented to Magistrate Judge jurisdiction. For the following reasons, the Court recommends that Plaintiff's motion be GRANTED. The case is hereby reassigned to a District Judge.

**I.    BACKGROUND**

This is a copyright infringement action. The complaint alleges as follows. Plaintiff is organized under the laws of the Dominican Republic and is a corporate entity known as a "Dominica Republic Sociedad de Responsibilidad Limitada," which is a type of limited liability company. Cmpl. ¶ 1. Defendant is an individual residing in Austria. Id. ¶ 2.

Plaintiff owns the copyrights in two Spanish language TV programs (the "Infringed Works"), specifically, "Crazy Design Anuncia cuando se casa con Sandra Berrocal!" and "Desde el Primer Dia Cheddy Pone 'Clara' a la Nueva Presentadora de Mas Roberto." Id. ¶¶ 11-12. Plaintiff owns all copyright rights for the reproduction, performance, and distribution of the Infringed Works on the Internet, including YouTube, by way of an exclusive license from the owners of all other copyright rights in and for the content in the infringed works. Id. ¶ 13.

Defendant began to infringe Plaintiff's copyrights in the Infringed Works around November 2016 by copying, performing, displaying, and/or distributing the works on YouTube. Id. ¶ 16. Plaintiff has never granted Defendant permission to use, copy, perform, or distribute the Infringed Works on YouTube. Id. ¶ 17.

Plaintiff, by and through Ysaac Villa, served copyright takedown notices on YouTube against Defendants. Id. ¶ 18. Defendant served a DMCA counter-notice on November 10, 2016. Id. ¶ 19. In the counter-notice, Defendant asserted that he owned the content in the Infringed Works. Id. ¶ 21. Defendant also consented to jurisdiction in the district in which YouTube is located, which is this district. Id.

## II. PROCEDURAL HISTORY

Plaintiff filed this lawsuit on November 18, 2016, bringing one claim for copyright infringement in violation of Sections 106 and 501 of the Copyright Act by publicly distributing, copying, displaying, and performing the Infringed Works on YouTube. The complaint seeks an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial, an order that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession that rightfully belong to Plaintiff, and a preliminary and permanent injunction prohibiting Defendant from continuing to infringe Plaintiff's copyright in the Infringed Works.

On January 31, 2017, Plaintiff filed an ex parte application for alternate service of process under Rule 4(f)(3), which the Court granted. The Order permitted Plaintiff to serve Defendant by sending him a copy of the complaint and summons by email, as well as a copy by postal mail with return receipt. It required Plaintiff to send Spanish translations of the complaint and summons along with the English versions.

Plaintiff requested that the clerk enter default on April 3, 2017. Dkt. 14. The clerk initially declined to enter default, Dkt. 16, but then entered default on April 14, 2017. Dkt. 17. Plaintiff moved for default judgment on April 21, 2017. Dkt. 18. It served this motion on Defendant by mail on April 21, 2017. Id. at 4. Defendant's response was due on May 5, 2017, but he did not file an opposition. The hearing took place on May 30, 2017. Defendant did not appear.

## III. LEGAL STANDARD

After entry of a default by the clerk, a court may grant a default judgment. See Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). As a preliminary matter, "the Court must assess the adequacy of the service of process on the party against whom default judgment is requested." Disney Enterprises, Inc. v. Vuong Tran, No. 12-5030 SC, 2013 WL 1832563, at *1 (N.D. Cal. May 1, 2013). If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986). In considering the above factors, the Court takes all factual allegations in Plaintiff's complaint as true, except for those relating to the amount of damages. See TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

## IV. DISCUSSION

### A. Procedural Requirements

Before the Court considers whether to enter default judgment, it must be satisfied that the procedural prerequisites, including subject matter jurisdiction, personal jurisdiction, and adequate service of process, have been met. See, e.g., PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).[1] Here, Plaintiff's claims arise under the Copyright Act, so the Court has subject matter jurisdiction under 28 U.S.C. Section 1331. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

The Court also has personal jurisdiction over Defendant. In S.E.C. v. Ross, the Ninth

---

[1] A court also may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521(b)(1). Here, there is no indication that Defendant is any of the above.

3

Circuit stated: "[i]n general, . . . a party has consented to personal jurisdiction when the party took some kind of affirmative act -- accepting a forum selection clause, submitting a claim, filing an action -- that fairly invited the court to resolve the dispute between the parties." 504 F.3d 1130, 1149 (9th Cir. 2007) (citations omitted). The court recognized that "parties may consent to jurisdiction through a forum selection clause in a contract, . . . [or] by filing a proof of claim in a bankruptcy proceeding[.]" Id. Here, Plaintiff alleges that when Defendant submitted his counter notification to YouTube, he consented to personal jurisdiction in the district in which YouTube is located, which is the Northern District of California. Cmpl. ¶ 21. Although this counter-notification is not a contract, it is an assertion of rights, which is the type of "affirmative act" that the Ninth Circuit recognized in Ross. Judges in this district have previously found that they have personal jurisdiction over defendants who submitted identical counter-notifications to YouTube. Crunchyroll, Inc. v. Pledge, No. C 11-2334 SBA, 2014 WL 1347492, at *9 (N.D. Cal. Mar. 31, 2014). Accordingly, Defendant has consented to personal jurisdiction.

Plaintiff also completed adequate service of process. As noted, on January 31, 2017, Plaintiff filed an ex parte application for alternate service of process under Rule 4(f)(3), and the Court allowed Plaintiff to serve Defendant by sending him English and Spanish copies of the complaint and summons by email, as well as by postal mail with return receipt. Plaintiff filed a completed proof of service on March 21, 2017, which states that it served Defendant in accordance with the Court's order on March 3, 2017. Dkt. 13. According to Plaintiff, despite the fact that the email address Plaintiff used to email Defendant worked previously, the email it sent to Defendant bounced back and thus Defendant likely did not receive email service. Dkt. 15 ¶ 5. However, Plaintiff states that it received the return receipt postcard on April 6, 2017, which Defendant signed in Austria on March 15, 2017. Dkt. 15-2, Ex. A. Thus, service was proper under Rule 4.

### B. Eitel Factors

#### 1. Prejudice Against Plaintiff

The first Eitel factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. Here, Plaintiff will likely be without other recourse for recovery if its motion for

4

1 default judgment is not granted because Defendant refused to cease its infringing conduct in response to Plaintiff's takedown notices. Accordingly, this factor weighs in favor of default judgment.

### 2. Merits and Sufficiency of the Complaint

The second and third Eitel factors pertain to the merits of Plaintiff's claims and the sufficiency of Plaintiff's complaint, i.e., whether Plaintiff has stated a claim on which it may recover. Id. at 1175. Plaintiff claims that Defendant infringed its copyright in the Infringing Works. "To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).

Plaintiff alleges that it owns the copyright for the reproduction, performance, and distribution of the Infringed Works on the Internet, including YouTube, because it obtained an exclusive license from the owners of all other copyright rights in and for the content in the infringed works. Cmpl. ¶ 13. It states that, because the Infringed Works are foreign works authored in the Dominican Republic, under the Berne Convention they need not be registered in the United States prior to commencement of an action for infringement. Id. ¶ 15.

Other judges in this district have previously addressed the circumstances in which a foreign plaintiff states a claim for copyright infringement based on the defendant's uploading to YouTube. In Shropshire v. Canning, Judge Koh considered whether the plaintiff's allegation that the defendant had uploaded a video from Canada to YouTube's servers in California for display within the United States stated a claim, despite the fact that some of the infringing conduct took place extraterritorially. 809 F. Supp. 2d 1139, 1146 (N.D. Cal. 2011). Judge Koh first observed that "extraterritoriality is best understood as an element of the claim rather than a question of subject matter jurisdiction." Id. She then found:

> The allegedly infringing act . . . began in Canada, where Defendant created his Grandma song video. Had Defendant stopped there, there is no doubt that the strict presumption against extraterritoriality would apply and Plaintiff would not have a claim . . . The problem is that Defendant did not stop at the mere creation of the Grandma

5

> song video in Canada, but instead allegedly uploaded it to YouTube's California servers for display in the United States after agreeing to YouTube's Terms of Service agreement. Thus, according to the allegations in the SAC, Defendant's direct action led to the creation of a copy of the Grandma video on YouTube's servers in California, and to the subsequent viewing of the video by potentially thousands in the United States. Drawing all reasonable inferences in the Plaintiff's favor, as the Court must in ruling upon Defendant's motion to dismiss, Plaintiff's SAC does now sufficiently allege an act of copyright infringement within the United States.

Id. at 1145-46.

Plaintiff's allegations are similar those at issue in Shropshire, substituting Austria for Canada. Accordingly, these allegations are sufficient to state a claim for Copyright Infringement.

### 3. Amount of Money at Stake

The fourth Eitel factor pertains to "the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176. While Plaintiff's complaint sought additional remedies, its motion for default judgment seeks only an injunction prohibiting Defendant from continuing to infringe Plaintiff's copyright in the Infringed Works. See Mot. at 1 ("Plaintiff hereby requests entry of default judgment, for injunctive relief only, . . . against Defendant"). Accordingly, this factor weighs in favor of entry of default judgment.

### 4. Likelihood of Dispute over Material Facts

The fifth Eitel factor involves the likelihood of a dispute regarding the material facts. Here, the Parties are likely to dispute the material facts of the case -- namely, whether Plaintiff owned a valid copyright in the Infringed Works, and whether Defendant infringed that copyright. According to Plaintiff's complaint, after it served copyright takedown notices on YouTube against Defendant for both of the Infringed Works, Defendant responded with a counter-notice in which he asserted that he owned the content in the Infringed Works. This suggests that there is a likelihood of dispute over material facts, and this factor thus weighs against entry of default judgment.

### 5. Excusable Neglect

The sixth Eitel factor considers whether the defendant's default resulted from excusable neglect. Eitel, 782 F.2d at 1472. "Where a defendant '[was] properly served with the Complaint,

6

the notice of entry of default, as well as the papers in support of the instant motion,' this factor favors entry of default judgment." Pearson v. Nationstar Mortgage, LLC, No. 5:16-CV-01079-CASAJWX, 2016 WL 5496268, at *6 (C.D. Cal. Sept. 26, 2016). Defendants were properly served with the complaint and summons. Dkt. 13. In addition, Plaintiff served Defendant with its motion for default. Dkt. 18 at 4. Accordingly, this factor weighs in favor of a default judgment.

### 6. Policy Favoring Decision on the Merits

Although courts prefer to issue judgments on the merits, "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." PepsiCo, 238 F. Supp. 2d at 1177. Termination of a case before hearing the merits is allowed when a defendant fails to defend an action. Id.

The Eitel factors, taken together, support entry of default judgment.

### C. Remedies

Plaintiff seeks an injunction prohibiting Defendant (along with his officers, agents, servants, employees, and all persons in active concert or participation with him) from reproducing, displaying, or performing, in whole or in part, the two Infringed Works. Plaintiff does not seek attorneys' fees or costs.

Defendants' failure to respond to the suit, alongside Plaintiff's pleadings, indicates that Defendants' infringing activities will not cease absent judicial intervention. See, e.g., Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003). In such circumstances, the Court is authorized to issue a permanent injunction to prevent or restrain further infringements. See 17 U.S.C. § 502(a); Sega Enters. Ltd. v. MAPHIA, 948 F. Supp. 923, 940 (N.D. Cal.1996) ("Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction.").

### V. CONCLUSION

For the reasons discussed above, the Court recommends granting Plaintiff's motion for default judgment and issuing a permanent injunction prohibiting Defendant from reproducing, displaying, or performing, in whole or in part, the two Infringed Works. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being

7

served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: June 1, 2017

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge